IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HARRISON NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Texas Lloyd's in Cause No. 153-284611-16, pending in the 153rd Judicial District Court of Tarrant County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL BACKGROUND

1.1   On or about March 30, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Harrison Nguyen v. Allstate Texas Lloyd's,* Cause No. 153-284611-16, pending in the 153rd Judicial District Court of Tarrant County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy with Allstate Texas Lloyd's.

1.2   Plaintiff served Defendant Allstate Texas Lloyd's ("Allstate") with Plaintiff's Original Petition and process on April 4, 2016, by process server on OR certified mail through its registered agent, CT Corporation System.

1.3   Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-3" as identified on the Index of Documents.

## II.
## BASIS FOR REMOVAL

2.1   Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

2.2   Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

A.   THE PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3   Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Tarrant County in the State of Texas and thus, is a citizen of Texas. *See* Plaintiff's Original Petition, ¶ 1. On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4   Defendant Allstate Texas Lloyd's was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); *see also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).

NOTICE OF REMOVAL - PAGE 2
2413726v1
00364.999

determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2] The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows:  1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois.  Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey.  Allstate Texas Lloyd's is not a citizen of the State of Texas.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.5     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in

---

[2] "Fifth Circuit jurisprudence is equally clear." *See Massey*, 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.6   This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim.

2.7   Plaintiff's demand letter of March 30, 2016 (*See* Exhibit C) states that Plaintiff is willing to settle the case for $63,284.26. However, Plaintiff has specifically pled that he is seeking monetary relief of up to $100,000. *See* Plaintiff's Original Petition, ¶ 4. Plaintiff seeks 18% interest. *See* Plaintiff's Original Petition, ¶¶ 39, 52. Plaintiff seeks three times actual damages. *See* Plaintiff's Original Petition, ¶¶ 43, 51. Plaintiff seeks attorney's fees. *See* Plaintiff's Original Petition, ¶ 39, 50, 52, 54. Plaintiff seeks compensatory damages, exemplary damages and damages for emotional stress. *See* Plaintiff's Original Petition, ¶ 53. Plaintiff seeks to be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, and costs of court. *See* Plaintiff's Original Petition, ¶ 58. As such, Plaintiff's alleged damages greatly exceed $75,000.00.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1   Defendant Allstate was served with Plaintiff's Original Petition and process on April 4, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and

because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Tarrant County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Texas Lloyd's hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ John B. Reyna
John B. Reyna
State Bar No. 24098318
jreyna@thompsoncoe.com
Roger D. Higgins
State Bar No. 09601500, IL 6182756
rhiggins@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:    (214) 871-8200
Fax:          (214) 871-8209

ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that on May 4, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
THE POTTS LAW FIRM, LLP
100 Waugh Drive, Suite 350
Houston, Texas 77007

/s/ *John B. Reyna*
John B. Reyna